## STATUTE OF LIMITATIONS AND STREET ASSESSMENTS.

### Circuit Court of Franklin County.

WM. R. GAULT ET AL V. THE CITY OF COLUMBUS ET AL.*

Decided, 1904.

*Street Assessments—Contest of, not Barred at the End of Four Years—Benefits—Laches—Estoppel—Purchasers of Abutting Property Chargeable with Notice—And Liable for Assessment, When.*

1. Section 4982, Revised Statutes, limiting to four years the time for bringing certain actions, does not apply to an action for the reduction of a street assessment in excess of benefits.
2. Abutting owners, who knew of the defective construction of a street before the work was approved and the reserve fund paid to the contractors, are thereafter estopped from contesting the assessment on the ground of such faulty construction.

DUSTIN, J.; WILSON, J., and SULLIVAN, J., concur.

In this case we do not concur in the view of the common pleas court that the action is barred by reason of not having been

---

* Reversing the third paragraph of the syllabus in *Gault* v. *City of Columbus*, 1 N. P.—N. S., 201.

brought within four years from the making of the assessment.

The threatened injury of which plaintiffs complain is the collection of assessments in excess of benefits, and such threatened collection was impending at the commencement of the action.

But we do think that the defendants are estopped to complain of the defective construction of the street, because they knew of such defects long before the work was approved and the reserve fund paid to the contractors, and took no action to prevent such approval or payment. They thus, by their laches, allowed the city to lose the fund it had reserved for such contingencies, and have not an equitable standing before the court.

The plaintiffs who became purchasers after the assessment, and in their deeds assumed and agreed to pay the same as part consideration for the property, are also estopped.

Other purchasers (if any) who became such after the assessment, but did not assume the payment in their deeds, are nevertheless chargeable with notice of the assessment through the records and stand in the shoes of their grantors so far as knowledge of the defects is concerned. .

As to the claim that the assessments are in excess of benefits we are not satisfied that it is clearly made out.

The decree, therefore, will be in favor of the city, and the injunction dissolved, at plaintiffs' costs.

*W. O. Henderson* and *DeWitt C. Jones,* for plaintiffs.

*Butler, Marshall & Keating,* contra.